**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4469

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHAQUAN JAMARIO GODFREY,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:21-cr-00009-TDS-1)

Submitted:  August 28, 2025                              Decided:  September 2, 2025

Before GREGORY, QUATTLEBAUM, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Craig M. Cooley, COOLEY LAW OFFICE, Cary, North Carolina, for Appellant.  Eric Lloyd Iverson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shaquan Jamario Godfrey appeals the district court's judgment revoking his term of supervised release and sentencing him to 24 months' imprisonment followed by 12 months' supervised release. On appeal, Godfrey's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred in revoking Godfrey's supervised release. Godfrey was informed of his right to file a pro se supplemental brief but has not done so. The Government declined to file a brief. We affirm.

We review "a district court's decision to revoke a defendant's supervised release for abuse of discretion," its underlying factual findings for clear error, and unpreserved challenges for plain error. *United States v. Dennison*, 925 F.3d 185, 190 (4th Cir. 2019). A district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3). After reviewing the record and counsel's brief, we conclude that the district court did not abuse its discretion in revoking Godfrey's supervised release. Godfrey admitted to violating his supervised release by testing positive for marijuana, failing to report to his supervising probation officer for a scheduled appointment, being in the company of a gang member, and leaving the judicial district where he was authorized to reside without permission. The Government also presented testimony at the revocation hearing that the district court credited establishing that Godfrey engaged in felony conspiracy to commit robbery violating North Carolina law. Based on Godfrey's new criminal conduct and admission to four other violations of supervised release, we discern no abuse of discretion in the district court's revocation of

2

Godfrey's supervised release.  *See id.*; U.S. Sentencing Guidelines Manual § 7B1.3(a)(1), p.s. (2023) ("Upon a finding of a Grade A or B violation, the court shall revoke . . . supervised release.").

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We therefore affirm the district court's judgment.  This Court requires that counsel inform Godfrey, in writing, of the right to petition the Supreme Court of the United States for further review.  If Godfrey requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Godfrey.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*